JUSTICE GRAY,
concurring in part and dissenting in part.
I concur in the Court’s opinion on issues 1, 3 and 4. I specially concur in that opinion as to issue 2, joining in the result reached by the Court, but not in everything said in reaching that result. Specifically, it is my view that the “language of prohibition” portion of the Court’s opinion is not properly a part of the opinion and is, in any event, incorrectly analyzed.
In the portion of the opinion immediately preceding that captioned “language of prohibition,” we correctly concluded that § 50-2-116(l)(i), MCA, is ambiguous when read together — as it must be— with § 76-4-122, MCA. For that reason, we determined that it was *281 necessary to “review the legislative history to accurately ascertain the intent of the Legislature.” The logical and appropriate next step is to proceed directly to an examination of the legislative history of § 50-2-116(1)0), MCA.
The Court does not take this logical and appropriate next step, however. Instead, it addresses an alternative argument propounded by the respondents for examining the legislative history of the statute, the so-called ‘language of prohibition” approach. I submit that, having determined that the ambiguity created by reading two related statutes together provides a proper basis for review of the legislative history of § 50-2-116(l)(i), MCA, it is improper to address whether another basis exists. For that reason, it is my opinion that the portion of the Court’s opinion which addresses ‘language of prohibition” is, in its entirety, obiter dictum.
Moreover, I disagree with the Court’s analysis of the respondents’ ‘language of prohibition” argument. First, much of that analysis merely reiterates the analysis in the preceding section of the opinion regarding the fact that the ambiguity arises not from the plain language of § 50-2-116(l)(i), MCA, but from reading that statute together with § 76-4-122(2)(a), MCA. Thus, portions of the ‘language of prohibition” analysis are not relevant to that section of the opinion.
Second, I am concerned that, because the Court includes the ‘language of prohibition” section, it will be read as precedent for the proposition that “silence” on a subject not necessarily the same as the subject to which a statute is directed creates, in and of itself, an ambiguity in the statute. It strikes me as unwise and inappropriate to conclude — as the Court does in the ‘language of prohibition” section — that a statute clear on its face with regard to what it does authorize is ambiguous because it does not also expressly prohibit other conduct not directly authorized. Such a conclusion opens the door to large areas of appellate statutory construction arguments which heretofore — and properly — would have involved only a “plain meaning” analysis.
For these reasons, I cannot agree with either the inclusion of, or the analysis contained in, the ‘language of prohibition” portion of the Court’s opinion on issue 2. I do, however, concur in the result the Court reaches on that issue, which properly should be reached by proceeding directly from the conclusion that reading two statutes together creates an ambiguity necessitating review of the recent legislative history of § 50-2-116(l)(i), MCA, to an examination of that legislative history.